**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHERITA LERICE MOORE, | CIVIL COMPLAINT   1:16-cv-09641 |
| Plaintiff, | |
| v. | CASE NO. |
| VERDE ENERGY USA, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT**
**TO THE TELEPHONE CONSUMER PROTECTION ACT**

NOW comes SHERITA LERICE MOORE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of VERDE ENERGY USA, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4.   Plaintiff is a 33 year old person residing at 1645 N. Keystone Avenue, Chicago, Illinois, which falls within the Northern District of Illinois.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6.   Defendant is an independent energy supplier which offers consumers renewable energy at competitive rates.  With its headquarters located at 101 Merritt 7, 2nd Floor, Norwalk, Connecticut, Defendant is a Delaware corporation that regularly conducts business with consumers in Illinois.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.   Plaintiff used Defendant's services as an energy provider to power her residential home located at 1645 N. Keystone Avenue, Chicago, Illinois.  *See* Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

10.   In approximately October 2015, Plaintiff cancelled her services with Defendant in favor of using Commonwealth Edison Company.  *See* Exhibit A.

11.   Shortly after canceling her services with Defendant, it began to regularly call Plaintiff's cellular phone with attempts to get her to sign back up.  *Id.*

12.   Upon information and belief, Defendant's actions were part of a consumer reinstitution campaign it uses to gain back its former customers who cancel their services.

13.   Plaintiff's cellular phone number which Defendant has regularly called is (773) XXX-4731.  *Id.*

14.   At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 4731.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

15.   The phone number that Defendant most often uses to contact Plaintiff is (773) 661-3312.  *Id.*

16.   Upon information and belief, the above is a phone number regularly utilized by Defendant to make outgoing calls to consumers it is soliciting for business.

17.   When Plaintiff has answered calls from Defendant, she often experiences an approximately three second pause before a live representative begins to speak.  *Id.*

18.   On multiple occasions, Plaintiff has demanded that Defendant stop calling her.  Further, Plaintiff has instructed Defendant to put her on its "Do Not Call" list.  *Id.*

19.   Despite her requests, Defendant has continued to call Plaintiff's cellular phone. Defendant's calls have continued up to the filing of the instant action.  *Id.*

20.   Plaintiff regularly receives several calls a week from Defendant.  Additionally, she has received multiple calls from Defendant during the same day.  *Id.*

21.   For reference, on June 22, 2015, Defendant called Plaintiff four different times with several of the calls coming seconds apart.  *Id.*

22.   Plaintiff has received not less than 50 calls from Defendant.  *Id.*

23.   Concerned with Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

24.   Defendant's actions have increased Plaintiff's stress level.

25.   Plaintiff has suffered financial loss due to Defendant's actions.  She has purchased applications for her cellular phone in order to block Defendant's calls.

26.   Plaintiff has incurred charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

27.   Plaintiff has been unfairly harassed by Defendant's actions.

28.   Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29.   Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31.   Defendant used an ATDS in connection with it communications directed towards Plaintiff.  The brief pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

32.   In order to win back Plaintiff's business, Defendant relentlessly and systematically engaged in a campaign to contacted her through means of an ATDS.   Defendant violated the TCPA by placing the above phone calls to Plaintiff's cellular phone using an ATDS without her

consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked when she cancelled her services. Similarly, Plaintiff demanded that Defendant stop contacting her on multiple occasions.

33. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, SHERITA LERICE MOORE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

37. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

38. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

39. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after she cancelled her services with it and when she requested that it no longer do so. Defendant ignored Plaintiff's request and continued to contact her, calling as many as four times during the same day. Many of Defendant's call to Plaintiff came within a short proximity to one another. Plaintiff specifically told Defendant not to contact her anymore. However, Defendant ignored Plaintiff's prompts and continued to solicit her for business.

40. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

42. As pled in paragraphs 23 through 28, Plaintiff has suffered actual damages as a result of Defendant's unlawful solicitation. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff.

Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, SHERITA LERICE MOORE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 11, 2016                  Respectfully submitted,

                                         s/ Nathan C. Volheim
                                         Nathan C. Volheim, Esq. #6302103
                                         Counsel for Plaintiff
                                         Admitted in the Northern District of Illinois
                                         Sulaiman Law Group, Ltd.
                                         900 Jorie Boulevard, Suite 150
                                         Oak Brook, Illinois 60523
                                         (630) 575-8181 x113 (phone)
                                         (630) 575-8188 (fax)
                                         nvolheim@sulaimanlaw.com