**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHERITA LERICE MOORE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 1:16-cv-09641 |
| v. | : | Judge: Jorge L. Alonso |
| | : | Magistrate Judge: Sheila Finnengan |
| VERDE ENERGY USA, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Verde Energy USA, Inc. ("Verde") submits the following Answer and Affirmative Defenses in response to the Complaint filed by the Plaintiff ("Moore"):

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

**ANSWER: In response to paragraph 1 of the Complaint, Verde admits that Moore purports to base this action on the Telephone Consumer Protection Act ("TCPA") and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"). Verde denies that Moore's claims are valid.**

2. This action arises under and is brought pursuant to the TCPA Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

**ANSWER: The averments of paragraph 2 of Moore's Complaint constitute conclusions of law to which no response is required. Verde denies that it is liable to Moore under the TCPA or otherwise.**

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER: The averments of paragraph 3 of Moore's Complaint constitute conclusions of law to which no response is required.**

4. Plaintiff is a 33-year-old person residing at 1645 N. Keystone Avenue, Chicago, Illinois, which falls within the Northern District of Illinois.

**ANSWER: After reasonable investigation, Verde is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of Moore's Complaint. Accordingly, Verde denies those averments and demands strict proof thereof at the time of trial. By way of further response, Verde incorporates by reference its First Affirmative Defense.**

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

**ANSWER: The averments of paragraph 5 of Moore's Complaint constitute a conclusion of law to which no response is required. To the extent that a response is deemed to be required, Verde incorporates by reference its First Affirmative Defense.**

6. Defendant is an independent energy supplier which offers consumers renewable energy at competitive rates. With its headquarters located at 101 Merritt 7, 2nd Floor, Norwalk, Connecticut, Defendant is a Delaware corporation that regularly conducts business with consumers in Illinois.

**ANSWER: Verde admits the averments of paragraph 6 of Moore's Complaint in part and denies those averments in part. Verde denies that it is an energy supplier to Illinois consumers. Verde incorporates by reference paragraph 9 of this Answer. Verde admits the remaining averments of paragraph 6.**

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

**ANSWER: The averments of paragraph 7 of Moore's Complaint constitute a conclusion of law to which no response is required. To the extent that a response is deemed to be required, Verde incorporates by reference its First Affirmative Defense.**

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**ANSWER: Verde denies the averments of paragraph 8 of Moore's Complaint.**

9. Plaintiff used Defendant's services as an energy provider to power her residential home located at 1645 N. Keystone Avenue, Chicago, Illinois. *See* Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

**ANSWER: Verde denies the averments of paragraph 9 of Moore's Complaint. Moore was not a customer of Verde. By way of further response, Moore formerly was a customer of Verde Energy USA Illinois, LLC ("VEI"), a Verde affiliate, from November 2014 through August 2015.**

10. In approximately October 2015, Plaintiff cancelled her services with Defendant in favor of using Commonwealth Edison Company. *See* Exhibit A.

**ANSWER: Verde denies the averments of paragraph 10 of Moore's Complaint. Verde incorporates by reference paragraph 9 of this Answer and its First Affirmative**

**Defense. After reasonable investigation, Verde is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 with respect to the Commonwealth Edison Company. Accordingly, Verde denies those averments and demands strict proof thereof at the time of trial.**

11. Shortly after canceling her services with Defendant, it began to regularly call Plaintiff's cellular phone with attempts to get her to sign back up. *Id.*

**ANSWER: Verde admits the averments of paragraph 11 of Moore's Complaint in part and denies those averments in part. Verde admits that, after receiving prior express consent from Moore to do so, calls were placed on behalf of VEI to the phone number Moore provided. Verde denies that it began to "regularly call" Moore's phone after she canceled her services. Moore alleges she received calls as part of a "consumer reinstitution campaign." See Complaint, ¶12. However, in her own Complaint, Moore avers that she canceled her services with Verde in approximately October 2015, but allegedly received "reinstitution" calls from Verde four months earlier in June 2015. Compare id. with id. at ¶21. Verde incorporates by reference paragraph 9 of this Answer and Verde's First Affirmative Defense.**

12. Upon information and belief, Defendant's actions were part of a consumer reinstitution campaign it uses to gain back its former customers who cancel their services.

**ANSWER: Verde denies the averments of paragraph 12 of Moore's Complaint. Verde incorporates by reference paragraph 11 of this Answer and its First Affirmative Defense. While calls were made on behalf of VEI after Moore switched energy suppliers, Verde denies that the calls were made pursuant to a "consumer reinstitution campaign" as**

**alleged in Moore's Complaint. Verde incorporates by reference paragraph 11 of this Answer and Verde's First Affirmative Defense.**

13. Plaintiff's cellular phone number which Defendant has regularly called is (773) XXX-4731. *Id.*

**ANSWER: Verde admits that its records associate the phone number (773) xxx - 4731 with Moore and that certain calls were made on behalf of VEI to that number. After reasonable investigation, Verde is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 13 of Moore's Complaint. Accordingly, Verde denies those averments and demands strict proof thereof at the time of trial. By way of further response, Verde incorporates by reference its First Affirmative Defense.**

14. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 4731. Plaintiff is and has always been financially responsible for the cellular phone and its services.

**ANSWER: After reasonable investigation, Verde is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of Moore's Complaint. Accordingly, Verde denies those averments and demands strict proof thereof at the time of trial. By way of further response, Verde incorporates by reference its First Affirmative Defense.**

15. The phone number that Defendant most often uses to contact Plaintiff is (773) 661-3312. *Id.*

**ANSWER: In response to paragraph 15 of Moore's Complaint, Verde admits that calls made to Moore on VEI's behalf were placed using the phone number (773) 661-3312.**

**Verde denies that Verde itself made any of the alleged calls to Moore. By way of further response, Verde incorporates by reference paragraph 11 of this Answer and its First Affirmative Defense.**

16. Upon information and belief, the above is a phone number regularly utilized by Defendant to make outgoing calls to consumers it is soliciting for business.

**ANSWER: In response to paragraph 16 of Moore's Complaint, Verde admits that, after receiving prior express consent from a consumer to do so, the phone number (773) 661-3312 has been used to make calls on behalf of Verde and VEI. Verde denies that Verde itself made any of the alleged calls to Moore. By way of further response, Verde incorporates by reference its Affirmative Defenses.**

17. When Plaintiff has answered calls from Defendant, she often experiences an approximately three second pause before a live representative begins to speak. *Id.*

**ANSWER: After reasonable investigation, Verde is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 of Moore's Complaint. Accordingly, Verde denies those averments and demands strict proof thereof at the time of trial. By way of further response, Verde incorporates by reference its First Affirmative Defense.**

18. On multiple occasions, Plaintiff has demanded that Defendant stop calling her. Further, Plaintiff has instructed Defendant to put her on its "Do Not Call" list. *Id.*

**ANSWER: Verde admits the averments of paragraph 18 of Moore's Complaint in part and denies those averments in part. Verde admits that, after she consented to receiving calls, Moore subsequently asked to not receive additional calls. Verde denies that**

**Moore demanded on multiple occasions that Verde stop calling her. Verde incorporates by reference its Affirmative Defenses.**

19. Despite her requests, Defendant has continued to call Plaintiff's cellular phone. Defendant's calls have continued up to the filing of the instant action. *Id.*

**ANSWER: Verde admits the averments of paragraph 19 of Moore's Complaint in part and denies those averments in part. Verde admits that, after she consented to receiving calls, Moore subsequently asked to not receive additional calls. Verde denies that Moore made multiple requests that Verde stop calling her and denies that calls have "continued up to the filing of the instant action." Verde incorporates by reference paragraphs 13 and 18 of this Answer and Verde's Affirmative Defenses.**

20. Plaintiff regularly receives several calls a week from Defendant. Additionally, she has received multiple calls from Defendant during the same day. *Id.*

**ANSWER: Verde denies the averments of paragraph 20 of Moore's Complaint and demands strict proof thereof at the time of trial. Verde incorporates by reference paragraph 15 of this Answer and Verde's First Affirmative Defense.**

21. For reference, on June 22, 2015, Defendant called Plaintiff four different times with several of the calls coming seconds apart. *Id.*

**ANSWER: Verde denies the averments of paragraph 21 of Moore's Complaint and demands strict proof thereof at the time of trial. Verde incorporates by reference its First Affirmative Defense.**

**22.** Plaintiff has received not less than 50 calls from Defendant. *Id.*

**ANSWER: Verde denies the averments of paragraph 22 of Moore's Complaint and demands strict proof thereof at the time of trial. Verde incorporates by reference its First Affirmative Defense.**

23. Concerned with Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

**ANSWER: After reasonable investigation, Verde is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 of Moore's Complaint. Accordingly, Verde denies those averments and demands strict proof thereof at the time of trial.**

24. Defendant's actions have increased Plaintiff's stress level.

**ANSWER: After reasonable investigation, Verde is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 24 of Moore's Complaint. Accordingly, Verde denies those averments and demands strict proof thereof at the time of trial.**

25. Plaintiff has suffered financial loss due to Defendant's actions. She has purchased applications for her cellular phone in order to block Defendant's calls.

**ANSWER: Verde denies the averments of paragraph 25 of Moore's Complaint and demands strict proof thereof at the time of trial. Verde incorporates by reference its First Affirmative Defense.**

**26.** Plaintiff has incurred charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

**ANSWER: Verde denies the averments of paragraph 26 of Moore's Complaint and demands strict proof thereof at the time of trial. Verde incorporates by reference its First Affirmative Defense.**

27. Plaintiff has been unfairly harassed by Defendant's actions.

**ANSWER: Verde denies the averments of paragraph 27 of Moore's Complaint and demands strict proof thereof at the time of trial. Verde incorporates by reference its First Affirmative Defense.**

28. Plaintiff has suffered concrete harm as a result of Defendant's actions.

**ANSWER: Verde denies the averments of paragraph 28 of Moore's Complaint and demands strict proof thereof at the time of trial. Verde incorporates by reference its First Affirmative Defense.**

## COUNT I

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

**ANSWER: In response to paragraph 29 of Moore's Complaint, Verde incorporates by reference paragraphs 1-28 of this Answer.**

**30.** The TCPA, pursuant to 47 U.S.C. §227(b)(i), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. §227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

**ANSWER: The averments of paragraph 30 of Moore's Complaint refer to a statute, the provisions of which speak for themselves. Verde denies that calls made to Moore on behalf of VEI were made using an ATDS as statutorily defined.**

31. Defendant used an ATDS in connection with it[s] communications directed towards Plaintiff. The brief pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

**ANSWER: Verde denies the averments of paragraph 31 of Moore's Complaint and demands strict proof thereof at the time of trial. Verde incorporates by reference its Affirmative Defenses.**

32. In order to win back Plaintiff's business, Defendant relentlessly and systematically engaged in a campaign to contact her through means of an ATDS. Defendant violated the TCPA by placing the above phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked when she cancelled her services. Similarly, Plaintiff demanded that Defendant stop contacting her on multiple occasions.

**ANSWER: Verde denies the averments of paragraph 32 of Moore's Complaint and demands strict proof thereof at the time of trial. Verde incorporates paragraph 19 of this Answer and its Affirmative Defenses.**

33. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

**ANSWER: The averments of paragraph 33 of Moore's Complaint constitute a conclusion of law to which no response is required. To the extent that a response is deemed**

**to be required, Verde denies that Verde itself placed any calls to Moore. Verde admits that calls to Moore made on behalf of VEI were commercial in nature and not for emergency purposes.**

34. Under the TCPA, pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**ANSWER: Verde denies the averments of paragraph 34 of Moore's Complaint and demands strict proof thereof at the time of trial.**

**COUNT II**

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

**ANSWER: In response to paragraph 35 of Moore's Complaint, Verde incorporates by reference paragraphs 1-34 of this Answer.**

36. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

**ANSWER: The averments of paragraph 36 of Moore's Complaint constitute a conclusion of law to which no response is required. To the extent that a response is deemed to be required, Verde incorporates by reference its Affirmative Defenses.**

37. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

**ANSWER: The averments of paragraph 37 of Moore's Complaint constitute a conclusion of law to which no response is required. To the extent that a response is deemed**

**to be required, Verde incorporates by reference paragraph 33 of this Answer and Verde's Affirmative Defenses.**

38. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

**ANSWER: The averments of paragraph 38 of Moore's Complaint refer to a statute, the provisions of which speak for themselves. Verde denies any liability to Moore under ICFA.**

39. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after she cancelled her services with it and when she requested that it no longer do so. Defendant ignored Plaintiff's request and continued to contact her, calling as many as four times during the same day. Many of Defendant's calls to Plaintiff came within a short proximity to one another. Plaintiff specifically told Defendant not to contact her anymore. However, Defendant ignored Plaintiff's prompts and continued to solicit her for business.

**ANSWER: Verde admits the averments of paragraph 39 of Moore's Complaint in part and denies those averments in part. Verde incorporates by reference paragraphs 13 and 18-19 of this Answer. Verde denies any liability to Moore under ICFA. Verde denies the use of an ATDS. Verde denies that it "relentlessly" contacted Moore.**

40. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

**ANSWER: Verde admits the averments of paragraph 40 of Moore's Complaint in part and denies those averments in part. Verde admits that ICFA is a consumer protection statute. Verde denies that it violated ICFA or engaged in the "behavior" alleged. Verde incorporates by reference its Affirmative Defenses.**

41. If ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The Court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

**ANSWER: The averments of paragraph 41 of Moore's Complaint refer to a statute, the provisions of which speak for themselves. Verde denies liability to Moore under ICFA.**

42. As pled in paragraphs 23 through 28, Plaintiff has suffered actual damages as a result of Defendant's unlawful solicitation. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

**ANSWER: Verde denies the averments of paragraph 42 of Moore's Complaint and demands strict proof thereof at the time of trial.**

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

43. Moore granted her express consent on April 8, 2014 at approximately 4:43 p.m. EST prior to receiving any telephone call on behalf of Verde or its affiliates.

44. On that date, Moore visited the website www.allaboutthebaby.com from the IP address 12.1.123.132. While on the website, Moore completed an online questionnaire and provided her name, telephone number, date of birth, home address, e-mail address, and baby's due date. Moore also clicked on and expressly agreed to a disclosure and consent form that explicitly informed her that she was granting her express consent to receiving a marketing call or calls on behalf of Verde or its affiliates.

45. Additionally, Moore also granted her express consent to receiving calls on October 15, 2014 at approximately 9:02 a.m. EST.

46. On that date, Moore visited the website www.samplesandsavings.com from the IP address 172.56.12.142. While on that website, Moore again completed an online questionnaire and provided her name, telephone number, date of birth, home address, and e-mail address. Moore also clicked on and expressly agreed to a second disclosure and consent form that explicitly informed her that she was granting her express consent to receiving a marketing call or calls on behalf of Verde or its affiliates.

47. Any call(s) made by or on behalf of Verde or its affiliates were authorized by Moore's grants of prior express consent to such call(s).

**SECOND DEFENSE**

48. Moore lacks standing to bring one or more of her claims. Moreover, Moore has not sustained any concrete and/or particularized injury-in-fact associated with each and every individual call she allegedly received.

**THIRD DEFENSE**

49. Moore's claims are barred in whole or in part to the extent based on calls that she did not answer and/or of which she was not aware prior to this action.

**FOURTH DEFENSE**

50. As a result of her prior express consent, Moore is estopped from bringing the instant action.

**FIFTH DEFENSE**

51. Moore is barred from relief in this action under the doctrine of waiver.

**SIXTH DEFENSE**

52. The TCPA and the regulations relating thereto are an unconstitutional restriction on commercial free speech and are in violation of Verde's Constitutional rights.

**SEVENTH DEFENSE**

53. Moore's claims are barred, in whole or in part, to the extent that the damages sought are impermissibly disproportionate to Verde's actions and/or Moore's alleged harm, in contravention of Verde's due process rights.

**EIGHTH DEFENSE**

54. Moore improperly seeks to enforce invalid administrative regulations.

**NINTH DEFENSE**

55. Verde denies that Moore has suffered any damages for which Verde is responsible. To the extent that it is determined that Moore has suffered damages, Moore failed to mitigate those damages.

**TENTH DEFENSE**

56. Moore's claims fail to the extent that she seeks to recover her costs and attorneys' fees under the TCPA. There is no provision in the TCPA that allows for the recovery of attorneys' fees.

**ELEVENTH DEFENSE**

57. Moore's fails to adequately plead a cause of action under the ICFA. Moore fails to plead or have damages as required under the ICFA. Moreover, ICFA may not be used to assert a claim that is redundant to the TCPA.

WHEREFORE, Defendant VERDE ENERGY USA, INC. requests that judgment be entered in its favor and against Plaintiff, all at Plaintiff's cost.

Dated: November 29, 2016

Respectfully submitted,

*/s/ David M. Schultz*

David M. Schultz (#6197596)
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
Telephone: 312-704-3527
Facsimile: 312-704-3001
Email: dschultz@hinshawlaw.com

*Attorneys for Defendant,*
*Verde Energy USA, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of November, 2016, I caused to be served a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint via ECF filing:

Nathan C. Volheim, Esq.
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com
*Counsel for Plaintiff*

*/s/ David M. Schultz*